Russell Smith (RS 8873)
SmithDehn LLP
rsmith@smithdehn.com

381 Park Avenue South,
Suite 713
New York, New York 10016
Phone (212) 370-1843
Fax (646) 417-7974

Attorneys for Plaintiffs
DAVID FRANKLIN
REEVES and REACH
MUSIC PUBLISHING, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

| | |
|---|---|
| DAVID FRANKLIN REEVES, and REACH MUSIC PUBLISHING, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> NEXT DECADE ENTERTAINMENT, INC. a/k/a NEXT DECADE MUSIC a/k/a SANDBOX MUSIC, INC., and GAUCHO MUSIC a/k/a NDE MUSIC, INC., <br><br> Defendants. | Civil Action No.: <br> 1:11-cv-06348-LTS <br> ECF CASE <br><br> **COMPLAINT** <br><br><br> PLAINTIFFS DEMAND TRIAL BY JURY |

------------------------------------------------------------------------------- x

Plaintiffs David Franklin Reeves ("Reeves") and Reach Music Publishing, Inc. ("Reach"), by their attorneys, SmithDehn LLP, for their complaint against the above-named defendants (collectively, the "Defendants), allege as follows:

## SUMMARY OF THE ACTION

1.     Reeves is a copyright-registered co-author and co-owner of a hit song, entitled "Money (Dollar Bill Y'all)" (the "Song"). The Defendants have been collecting the royalties for the Song, including Reeves's share.

2.     Reeves and his music publisher bring this diversity action (i) to remedy the Defendants' breach of their duty to account to the plaintiffs for the royalties the Defendants have been collecting in connection with the Song, and (ii) more specifically, for a judgment awarding to the plaintiffs the royalties to which they are entitled, together with costs and attorneys' fees.

## JURISDICTION AND VENUE

3.     This court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the action is between citizens of different states.  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

4.     The Southern District of New York is the proper venue for this action, pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events giving rise to the claims in this action occurred in the Southern District of New York, and because the Defendants maintain their principal place of business in this judicial district.

## THE PARTIES

5.     Plaintiff Reeves ("Reeves") is a resident and citizen of the State of North Carolina. Among other things, he is a songwriter, composer, producer and musical performer.

6.     Plaintiff Reach Music Publishing, Inc. ("Reach") is a Virginia corporation with its principal place of business located at 4201 West Burbank Boulevard, Burbank, California 91505.

Reach is engaged in the business of, among other things, licensing, administering and exploiting musical compositions.

7. Upon information and belief, Defendant Next Decade Entertainment, Inc. a/k/a Next Decade Music a/k/a Sandbox Music, Inc. ("Next Decade") is a corporation organized under the laws of the State of New York, with its principal place of business at 65 West 55th Street, Suite 4F, New York, New York. Upon information and belief, Next Decade maintains offices in the City, County and State of New York, and it is authorized to do business in the State of New York. Upon information and belief, Next Decade collects and administers royalty payments for defendant Gaucho Music.

8. Upon information and belief, Defendant Gaucho Music a/k/a NDE Music, Inc. ("Gaucho") is a corporation organized under the laws of the State of New York, with its principal place of business at 505 Eighth Avenue, New York, New York. Upon information and belief, Gaucho maintains offices in the City, County and State of New York, and it is authorized to do business in the State of New York.

9. At all times relevant to this complaint, the Defendants each have been engaged in, among other things, the business of music publishing and the licensing, exploitation and administration of copyrights in musical compositions, and in such capacity, each maintains offices in the State of New York, regularly and systematically has conducted business in the State of New York, and otherwise has transacted business in the State of New York.

## BACKGROUND

10. During the 1980's, Reeves co-authored many musical compositions, some of which have become popular music classics.

11. On or about July 19, 2007, Reeves entered into a co-publishing agreement (the "Reeves Agreement") with Reach Global, Inc., pursuant to which Reeves granted Reach Global, Inc. a 50% co-publishing and co-ownership interest in Reeves's copyrights interests in many compositions, which include the Song. Additionally, pursuant to the Reeves Agreement, Reeves granted Reach Global, Inc., the exclusive administration right to 100% of Reeves' interests and rights in the Song.

12. By agreement dated June 12, 2009, Reach Global, Inc. transferred and assigned its interests in the Song to Reeves's co-plaintiff Reach.

13. Jimmy Spicer, Russell Simons, Lawrence Smith and Reeves, are the authors (collectively the "Co-Authors") of the Song. The Song was a popular hit during the 1980's. The Song was registered with the United States Copyright Office in 1982, establishing that all of the Co-Authors, including Reeves, were the co-authors and copyright claimants in relation to the Song. Attached to this complaint as Exhibit A is a copy of Form PA, the copyright registration certificate for the Song. Upon first publication of the Song, Reeves's name was printed on albums and listed on public records as one of the Co-Authors of the Song.

14. License fees/royalties for performance rights in relation to the Song, regarding the playing of the Song at radio stations, and in nightclubs, etc. have been collected by the American Society of Composers, Authors, and Performers ("ASCAP"), which in turn is obligated to distribute the funds to the rightful claimants.

15. Mechanical rights to the Song involve the right to record, to manufacture, market and distribute the Song by means of CDs, records, tapes, and various digital configurations. The Defendants have been collecting the proceeds from such rights, and they have failed to account to Reeves for the same.

16. The Song was a considerable success, and it generated substantial revenues collected by the Defendants from the sale of tapes / records / CDs etc., and from licensing of performance and other rights. However, Reeves never received his share of royalties from the Defendants. Those royalties include substantial funds received from granting performance rights, and/or from granting the mechanical rights in the Song.

17. Upon information and belief, the Co-Authors of the Song mutually agreed that all earnings derived from exploiting the Song would be shared equally. For example, in an email dated July 2, 2010, co-author Jimmy Spicer confirmed that his share of writer's royalties from the Song, like that of the other Co-Authors, was twenty-five per cent (25%).

18. Upon information and belief, one of the four Co-Authors, Jimmy Spicer, who always has had a twenty-five percent (25%) interest in royalties from the Song, assigned his rights to defendant Gaucho. Upon information and belief, the rights of co-author Russell Simmons are now owned by Universal Music Corporation ("Universal"), pursuant to a series of assignments. Universal and defendant Gaucho have been receiving all of the royalties (publisher's as well as the respective writer's shares) attributable to the Song. Upon information and belief, Universal has been collecting twenty-five percent (25%) of the royalties from the Song (representing the share attributable to co-author Russell Simmons), while Defendants Gaucho and Next Decade have been collecting the remaining seventy-five percent (75%) of publisher's royalties from the Song. Upon information and belief, since 2008, Defendants Gaucho and Next Decade also have been collecting seventy-five percent (75%) of the writer's royalties from the Song.

19. Upon information and belief, defendant Gaucho never was entitled to any more than twenty-five percent (25%) of royalties from the Song, as it has only purchased the interests

5

of Jimmy Spicer, who held twenty-five percent (25%) as a co-author. Because Defendants Gaucho and Next Decade have been collecting the share of plaintiff Reeves, in addition to their own share, Gaucho and Next Decade were (and continue to be) under a duty to pay Reeves his twenty-five percent (25%) share of royalties.

20. ASCAP has recognized and acknowledged Reeves's co-authorship of the Song for decades. In addition to ASCAP, performing rights societies throughout the world have consistently recognized Reeves co-authorship of the Song.

21. ASCAP had been paying Reeves his share of writer's royalties from the Song. However, at the request of defendant Next Decade, on behalf of defendant Gaucho, ASCAP ceased these payments after 2007.

22. Since 2008, Defendants Next Decade and Gaucho have been collecting Reeves's share of the ASCAP distribution, and they have not paid any of these funds to Reeves or his publisher, Reach.

23. Plaintiffs Reeves and Reach (collectively, the "Plaintiffs") never have assigned any part of their interests in the Song to either Gaucho or Next Decade.

24. The Harry Fox Agency has been collecting and distributing mechanical license fees (otherwise known as record royalties) earned from the Song. Upon information and belief, Defendants Gaucho and Next Decade have been collecting seventy-five percent of the mechanical license fees from Harry Fox Agency. These fees include plaintiff Reeves's twenty-five percent (25%) interest in the Song. The Defendants never made any payments to the Plaintiffs, nor did they provide the Plaintiffs with any accounting information regarding the mechanical royalties, despite the fact that the Defendants have been collecting the Plaintiffs' share.

25. As the Plaintiffs have not assigned or licensed to the Defendants any rights in the Song, the Defendants have not been entitled to retain the Plaintiffs' share of the receipts from Harry Fox Agency.

26. Defendants Gaucho and Next Decade have denied the Plaintiffs their rightful share of twenty-five percent (25%) of all earnings from the Song. Upon information and belief, the Defendants also have been receiving the Plaintiffs' royalties in connection with the use of Song in Digital Phonograph Deliveries (DPD's), ringtones, print, synchronization, and other forms of exploitation.

### FIRST CLAIM FOR RELIEF
### (Accounting for Royalties)

27. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 26 above as if fully set forth here.

28. Plaintiff Reeves, being a registered co-author who has never assigned his copyright interest to any of the Defendants, is a co-owner of the copyrights in the Song.

29. Defendants Gaucho and Next Decade, in connection with the Song, have been collecting the share of Plaintiffs Reeves and Reach in relation to (i) publisher's royalties from ASCAP; (ii) writer's royalties from ASCAP; (iii) mechanical licensing fees from Harry Fox Agency; and (iv) fees likely earned from sources such as Digital Phonograph Deliveries (DPD's), ringtones, performance royalties, print, synchronization, etc., all of which the Defendants have exploited without paying the Plaintiffs their share.

30. Because the Defendants have collected these royalties, fees, and other incomes that belong to Plaintiffs Reeves and Reach, the Defendants have a fiduciary duty to pay to the Plaintiffs the twenty-five per cent (25%) share of royalties to which the Reeves and Reach are entitled.

31. By accepting the above-mentioned royalties, fees and other incomes, the Defendants have been reposed with a trust with respect to the monies belonging to the Plaintiffs. The Defendants are therefore bound to disclose to the Plaintiffs all of their dealings pertaining to these receipts.

32. The Defendants have breached their fiduciary duty by not providing any accounting for the receipt of the Plaintiffs' share of royalties and fees as alleged above.

33. As a result of the Defendants' breaches and violations of the Plaintiffs' rights, the Plaintiffs have suffered and continue to suffer losses and damages in a sum, to be proved at trial, but no less than $100,000.

**SECOND CLAIM FOR RELIEF**
**(Unjust Enrichment)**

34. The Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 26 above, as if fully set forth here.

35. Defendants Gaucho and Next Decade have been collecting the Plaintiffs' share of all royalties and fees regarding the Song. The Defendants therefore have an obligation imposed by equity to pay these amounts to the Plaintiffs.

36. As alleged above, Defendants Gaucho and Next Decade have been enriching themselves at the Plaintiffs' expense, by receiving all of the royalties and fees from the Song, including the twenty-five per cent (25%) due to Plaintiffs Reeves and Reach.

37. As a result of the Defendants' unjust acts of enrichment, Plaintiffs Reeves and Reach have suffered, and continue to suffer, losses and damages in a sum to be proved at trial, but no less than $100,000.

**THIRD CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty)**

38. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth here.

39. The Defendants collected (and are continuing to collect) all royalties and fees that the Plaintiffs are entitled to receive from the Song's exploitation. By collecting these amounts, the Defendants are under a fiduciary duty to act in good faith, and to pay to the Plaintiffs the twenty-five per cent share to which the Plaintiffs are entitled.

40. The Defendants have breached their fiduciary duty by not paying these royalties and fees to the Plaintiffs.

41. The Defendants arranged for the removal of plaintiff Reeves from ASCAP's list distributees for royalties from Song. This constitutes bad faith on the part of the Defendants, and this has been detrimental to the Plaintiffs' interest in the Song.

42. By reason of the foregoing, Defendants Gaucho and Next Decade are liable to the Plaintiffs for all damages incurred (and which continue to be incurred) as a result of the breach of their fiduciary duty, resulting in direct losses and damages to the Plaintiffs, all in an amount that will be determined at trial, but which are no less than $100,000, with interest.

**FOURTH CLAIM FOR RELIEF**
**(Conversion)**

43. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth here.

44. By reason of the above-alleged facts, Defendants Gaucho and Next Decade are liable to the Plaintiffs for conversion in relation to the royalties and other income belonging to the Plaintiffs, but which the Defendants have received. The Defendants are liable for all damages

incurred (and which continue to be incurred) as a result of their conduct, which has resulted in direct losses and special and general damages to the Plaintiffs, all in an amount that will be determined at trial, but which are no less than $100,000, with interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, jointly and severally, as follows:

a.  On the First Claim for Relief, an order requiring an accounting of all the royalties and other income derived by the Defendants from the exploitation of the Song, together with payment to the Plaintiffs in the amount of one-third (33.3%) of the royalties and income collected by the Defendants (or 25% of the total royalties and income generated from the Song), including, but not limited to:

   (i)    Writer's compensation / royalties received from ASCAP;

   (ii)   Publisher's compensation / royalties received from ASCAP;

   (iii)  Mechanical licensing fees / royalties received from Harry Fox Agency;

   (iv)   Earnings derived from sale / rental / licensing of Digital Phonograph Deliveries (DPD's), ringtones, performance royalties, print, synchronization, etc., which the Defendants may be collecting without knowledge on the part of the Plaintiffs;

b.  On the other claims for relief, an order requiring payment to the Plaintiffs of one-third (33.3%) of all of the royalties and other income collected by the Defendants from the exploitation of the Song;

c.  On all claims, an order awarding the Plaintiffs the costs and reimbursements of this lawsuit, together with their reasonable attorney's fees and such other and further additional relief as this Court may deem just and proper in the circumstances; and

  d. Granting such other relief as this Court may deem just, proper and equitable

Dated:
New York, New York
August 31, 2011

SmithDehn LLP

By: /s/
_____
Russell Smith (RS 8873)
rsmith@smithdehn.com

381 Park Avenue South,
Suite 713
New York, New York 10016
Phone (212) 370-1843
Fax (646) 417-7974

Attorneys for Plaintiffs
DAVID FRANKLIN
REEVES and REACH
MUSIC PUBLISHING, INC.

**FORM PA**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**PAu 457-432**

PA — PAU

EFFECTIVE DATE OF REGISTRATION
**NOV 19 1982**
(Month) (Day) (Year)

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM PA/CON)

**① Title**

TITLE OF THIS WORK: MONEY

NATURE OF THIS WORK: (See instructions) Words + Music

PREVIOUS OR ALTERNATIVE TITLES: NONE

**② Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

1. NAME OF AUTHOR: JIMMY SPICER
   Was this author's contribution to the work a "work made for hire"? Yes  No X
   DATES OF BIRTH AND DEATH: Born 58  Died ____
   AUTHOR'S NATIONALITY OR DOMICILE: Citizen of USA  or  Domiciled in ____
   WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
   Anonymous? Yes  No
   Pseudonymous? Yes  No
   AUTHOR OF: Words

2. NAME OF AUTHOR: Russell Simmons
   Was this author's contribution to the work a "work made for hire"? Yes  No X
   DATES OF BIRTH AND DEATH: Born 57  Died ____
   AUTHOR'S NATIONALITY OR DOMICILE: Citizen of USA  or  Domiciled in ____
   WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
   Anonymous? Yes  No
   Pseudonymous? Yes  No
   AUTHOR OF: Music

3. NAME OF AUTHOR: DAVID REEVES JR.
   Was this author's contribution to the work a "work made for hire"? Yes  No X
   DATES OF BIRTH AND DEATH: Born 60  Died ____
   AUTHOR'S NATIONALITY OR DOMICILE: Citizen of USA  or  Domiciled in ____
   WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
   Anonymous? Yes  No
   Pseudonymous? Yes  No
   AUTHOR OF: Music

**③ Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED: Year 1982
(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION:
Date (Month) (Day) (Year)
Nation (Name of Country)
(Complete this block ONLY if this work has been published.)

**④ Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):
DAVID FRANKLYN REEVES   1183 Broadway   LAWRENCE SMITH
Russell Simmons          Suite 928        PO BOX 72
Jimmy Spicer             New York, N.Y. 10010   50 Orange Pl

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

- Complete all applicable spaces (numbers 5-9) on the reverse side of this page
- Follow detailed instructions attached    • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 3 pages

|  | EXAMINED BY XME | APPLICATION RECEIVED 19 NOV 1982 | FOR COPYRIGHT OFFICE USE ONLY |
|---|---|---|---|
| PAu 457-432 | CHECKED BY: | | |
| | CORRESPONDENCE: ☐ Yes | DEPOSIT RECEIVED 19 NOV 1982 | |
| | DEPOSIT ACCOUNT FUNDS USED: ☐ | REMITTANCE NUMBER AND DATE 49055 NOV 1982 | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM PA/CON)**

**PREVIOUS REGISTRATION:** ⑤

- Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? Yes ...... No X
- If your answer is "Yes," why is another registration being sought? (Check appropriate box)
  ☐ This is the first published edition of a work previously registered in unpublished form.
  ☐ This is the first application submitted by this author as copyright claimant.
  ☐ This is a changed version of the work, as shown by line 6 of the application.
- If your answer is "Yes," give: Previous Registration Number ............ Year of Registration ............

**COMPILATION OR DERIVATIVE WORK:** (See instructions) ⑥

PREEXISTING MATERIAL: (Identify any preexisting work or works that the work is based on or incorporates.)

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: ..........
Account Number: ..........

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.) ⑦

Name: LAWRENCE Smith
Address: P.O. Box 72
30 Ozone Pk. N.Y. 11420
(City) (State) (ZIP)

**CERTIFICATION:** ⑧ I, the undersigned, hereby certify that I am the: (Check one)
☒ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☐ authorized agent of
.......... (Name of author or other copyright claimant, or owner of exclusive right(s))
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) Lawrence Smith
Typed or printed name: LAWRENCE Smith   Date 10/31/82

**MAIL CERTIFICATE TO** ⑨

Lawrence Smith (Name)
P.O. Box 72 (Number, Street and Apartment Number)
So. Ozone Pk. New York 11420
(City) (State) (ZIP code)

(Certificate will be mailed in window envelope)

* 17 U.S.C. §506(e) FALSE REPRESENTATION – Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
* U.S. GOVERNMENT PRINTING OFFICE: 1981-341-279/2

# CONTINUATION SHEET FOR FORM PA

**FORM PA/CON**
UNITED STATES COPYRIGHT OFFICE

- If at all possible, try to fit the information called for into the spaces provided on Form PA.
- If you do not have space enough for all of the information you need to give on Form PA, use this continuation sheet and submit it with Form PA.
- If you submit this continuation sheet, leave it attached to Form PA. Or, if it becomes detached, clip (do not tape or staple) and fold the two together before submitting them.
- PART A of this sheet is intended to identify the basic application. PART B is a continuation of Space 2. PART C is for the continuation of Spaces 1, 4, or 6. The other spaces on Form PA call for specific items of information, and should not need continuation.

**REGISTRATION NUMBER**
PAu 457-432
PA / PAU

**EFFECTIVE DATE OF REGISTRATION**
NOV 19 1982
(Month) (Day) (Year)

**CONTINUATION SHEET RECEIVED**
19 NOV 1982

Page 3 of 3 pages

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

**(A) Identification of Application**

**IDENTIFICATION OF CONTINUATION SHEET:** This sheet is a continuation of the application for copyright registration on Form PA, submitted for the following work:

- TITLE: (Give the title as given under the heading "Title of this Work" in Space 1 of Form PA.)
  MONEY

- NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S): (Give the name and address of at least one copyright claimant as given in Space 4 of Form PA.)
  LAWRENCE SMITH, P.O. Box 77, So. Ozone Pk., New York 11420

**(B) Continuation of Space 2**

NAME OF AUTHOR: LAWRENCE SMITH
Was this author's contribution to the work a "work made for hire"? Yes ___ No X
DATES OF BIRTH AND DEATH: Born 52 Died ___

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of U.S.A. or Domiciled in ___
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous? Yes ___ No ___
Pseudonymous? Yes ___ No ___

AUTHOR OF: (Briefly describe nature of this author's contribution)
MUSIC

NAME OF AUTHOR: ___
Was this author's contribution to the work a "work made for hire"? Yes ___ No ___
DATES OF BIRTH AND DEATH: Born ___ Died ___

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ___ or Domiciled in ___
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous? Yes ___ No ___
Pseudonymous? Yes ___ No ___

AUTHOR OF: ___

NAME OF AUTHOR: ___
Was this author's contribution to the work a "work made for hire"? Yes ___ No ___
DATES OF BIRTH AND DEATH: Born ___ Died ___

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ___ or Domiciled in ___
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous? Yes ___ No ___
Pseudonymous? Yes ___ No ___

AUTHOR OF: ___

**(C) Continuation of Other Spaces**

CONTINUATION OF (Check which): ☐ Space 1 ☒ Space 4 ☐ Space 6

Lawrence Smith
P.O. Box 77, So. Ozone Pk, N.Y. 11420

# HOW TO FILL OUT FORM PA

PAu  457-432

Specific Instructions for Spaces 1-4

- The line-by-line instructions on this page are keyed to the spaces on the first page of Form PA, printed opposite.
- Please read through these instructions before you start filling out your application, and refer to the specific instructions for each space as you go along.

## SPACE 1: TITLE

- **Title of this Work:** Every work submitted for copyright registration must be given a title that is capable of identifying that particular work. If the copies or phonorecords of the work bear a title (or an identifying phrase that could serve as a title), transcribe its wording completely and exactly on the application. Remember that indexing of the registration and future identification of the work will depend on the information you give here.

  If the work you are registering is an entire "collective work" (such as a collection of plays or songs), give the overall title of the collection. If you are registering one or more individual contributions to a collective work, give the title of each contribution, followed by the title of the collection. Example: "'A Song for Elinda' in *Old and New Ballads for Old and New People*"

- **Nature of this Work:** Briefly describe the general nature or character of the work being registered for copyright. Examples: "Music"; "Song Lyrics"; "Words and Music"; "Drama"; "Musical Play"; "Choreography"; "Pantomime"; "Motion Picture"; "Audiovisual Work."

- **Previous or Alternative Titles:** Complete this space if there are any additional titles for the work under which someone searching for the registration might be likely to look, or under which a document pertaining to the work might be recorded.

## SPACE 2: AUTHORS

- **General Instructions:** First decide, after reading these instructions, who are the "authors" of this work for copyright purposes. Then, unless the work is a "collective work" (see below), give the requested information about every "author" who contributed any appreciable amount of copyrightable matter to this version of the work. If you need further space, use the attached Continuation Sheet and, if necessary, request additional Continuation Sheets (Form PA/CON).

- **Who is the "Author"?** Unless the work was "made for hire," the individual who actually created the work is its "author." In the case of a work made for hire, the statute provides that "the employer or other person for whom the work was prepared is considered the author."

- **What is a "Work Made for Hire"?** A "work made for hire" is defined as (1) "a work prepared by an employee within the scope of his or her employment"; or (2) "a work specially ordered or commissioned" for certain uses specified in the statute, but only if there is a written agreement to consider it a "work made for hire."

- **Collective Work:** In the case of a collective work, such as a song book or a collection of plays, it is sufficient to give information about the author of the collective work as a whole.

- **Author's Identity Not Revealed:** If an author's contribution is "anonymous" or "pseudonymous," it is not necessary to give the name and dates for that author. However, the citizenship or domicile of the author **must** be given in all cases, and information about the nature of that author's contribution to the work should be included.

- **Name of Author:** The fullest form of the author's name should be given. If you have checked "Yes" to indicate that the work was "made for hire," give the full legal name of the employer (or other person for whom the work was prepared). You may also include the name of the employee (for example: "Music Makers Publishing Co., employer for hire of Lila Crane"). If the work is "anonymous" you may: (1) leave the line blank; or (2) state "Anonymous" on the line; or (3) reveal the author's identity. If the work is "pseudonymous" you may: (1) leave the line blank; or (2) give the pseudonym and identify it as such (for example "Huntley Haverstock, pseudonym"); or (3) reveal the author's name, making clear which is the real name and which is the pseudonym (for example, "Judith Barton, whose pseudonym is Madeleine Elster").

- **Dates of Birth and Death:** If the author is dead, the statute requires that the year of death be included in the application unless the work is anonymous or pseudonymous. The author's birth date is optional, but is useful as a form of identification. Leave this space blank if the author's contribution was a "work made for hire."

- **"Anonymous" or "Pseudonymous" Work:** An author's contribution to a work is "anonymous" if that author is not identified on the copies or phonorecords of the work. An author's contribution to a work is "pseudonymous" if that author is identified on the copies or phonorecords under a fictitious name.

- **Author's Nationality or Domicile:** Give the country of which the author is a citizen, or the country in which the author is domiciled. The statute requires that either nationality or domicile be given in all cases.

- **Nature of Authorship:** After the words "Author of" give a brief general statement of the nature of this particular author's contribution to the work. Examples: "Words"; "Co-Author of Music"; "Words and Music"; "Arrangement"; "Co-Author of Book and Lyrics"; "Dramatization"; "Entire Work"; "Compilation and English Translation"; "Editorial Revisions."

## SPACE 3: CREATION AND PUBLICATION

- **General Instructions:** Do not confuse "creation" with "publication." Every application for copyright registration must state "the year in which creation of the work was completed." Give the date and nation of first publication only if the work has been published.

- **Creation:** Under the statute, a work is "created" when it is fixed in a copy or phonorecord for the first time. Where a work has been prepared over a period of time, the part of the work existing in fixed form on a particular date constitutes the created work on that date. The date you give here should be the year in which the author completed the particular version for which registration is now being sought, even if other versions exist or if further changes or additions are planned.

- **Publication:** The statute defines "publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending"; a work is also "published" if there has been an "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display." Give the full date (month, day, year) when and the country where publication first occurred. If first publication took place simultaneously in the United States and other countries, it is sufficient to state "U.S.A."

## SPACE 4: CLAIMANT(S)

- **Name(s) and Address(es) of Copyright Claimant(s):** Give the name(s) and address(es) of the copyright claimant(s) in this work. The statute provides that copyright in a work belongs initially to the author of the work (including, in the case of a work made for hire, the employer or other person for whom the work was prepared). The copyright claimant is either the author of the work or a person or organization that has obtained ownership of the copyright initially belonging to the author.

- **Transfer:** The statute provides that, if the copyright claimant is not the author, the application for registration must contain "a brief statement of how the claimant obtained ownership of the copyright." If any copyright claimant named in space 4 is not an author named in space 2, give a brief, general statement summarizing the means by which that claimant obtained ownership of the copyright.